UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ACME AMERICAN REPAIRS, INC.; ACME
AMERICAN ENVIRONMENTAL CO., INC.;
ACME COMMERCIAL KITCHEN DESIGN,
INC.; ACME AMERICAN REFRIGERATION,
INC.; ACME PACIFIC REPAIRS, INC.; BANA
PARTS, INC.; and BANA COMMERICAL
KITCHEN, INC.,

                          Plaintiffs,                              **MEMORANDUM & ORDER**

              - against -                                          03-CV-4740 (RRM)(SMG)

HARVEY KATZENBERG and PEARL
KATZENBERG, f/k/a PEARL FEUER,

                          Defendants.
----------------------------------------------------------------X
**MAUSKOPF, United States District Judge.**

       Currently before the Court are motions relating to the Court's September 24, 2010 Order granting defendants' motion for summary judgment. Defendants motion to amend this Court's September 24, 2010 Order pursuant to Federal Rule of Civil Procedure 60(a) or Local Civil Rule 6.3, based on an oversight or omission in the order, is GRANTED, and, as previously Ordered by this Court, summary judgment dismissing all causes of action brought by Acme Pacific Repairs, Inc., Bana Parts, Inc. and Bana Commercial Kitchen Parts, Inc. remains GRANTED. (Defs.' Mot. to Modify Order (Doc. No. 132) at 1.) Plaintiffs' motion for reconsideration under Federal Rule of Civil Procedure 60(a), regarding the dismissal of the breach of contract claim and denial of summary judgment on the fraud, breach of fiduciary duty, breach of duty of loyalty, conversion, and employee disloyalty claims is DENIED. (Pls.' Aff. in Opp'n to Mot. (Doc. No. 135) at 2.) Plaintiffs Rule 60(a) motion requesting that the Court reconsider its discussion of *in pari delicto* is likewise DENIED. (*Id*. at 4-5, 8.) Finally, the Court DENIES plaintiffs' request

that the Court alter its judgment based on the preclusive effect of two previous court judgments involving some of the same parties and events as the present action. (Mot. Alter J. (Doc. No. 137) at 1.)

## BACKGROUND

The Court adopts the factual recitation previously set forth in the September 24, 2010 Memorandum & Order. (Mem. & Order (Doc. No. 130) at 2-4.)

## DISCUSSION

**I.  DEFENDANTS' 60(a) MOTION TO AMEND**

On October 4, 2010, defendants filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure and/or Local Civil Rule 6.3. (Defs.' Mot. to Modify Order at 1.) The Court did not address defendants' motion for summary judgment dismissing all causes of action asserted by plaintiffs Acme Pacific and the Bana Companies in its September 24, 2010 Order (Doc. No. 130). (*Id.*) Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *Libaire v. Kaplan*, No. 06-CV-1500, 2010 WL 317893, at *8 (E.D.N.Y. Jan. 21, 2010) (amending an order pursuant to Federal Rule of Civil Procedure 60). Accordingly, the Court now supplements its previous Order with a ruling on the motion to amend, and grants defendants' motion for summary judgment as to all causes of action asserted by plaintiffs Acme Pacific Repairs, Inc. ("Acme Pacific"), Bana Parts, Inc., and Bana Commercial Kitchen Parts, Inc. ("the Bana Companies"). (Defs.' Mem. Supp. Summ. J. at 2.)

Defendants maintain that Acme Pacific cannot properly bring this action because the Acme Pacific shareholder agreement states that "[n]o stockholder shall act in any manner other

than in the ordinary course of business without the consent of the Directors acting at a meeting of the Directors," and "Acme Pacific has not called a meeting for purposes of voting on initiating this action." (Defs.' Mem. Supp. Summ. J. at 6.) Defendants argue that "this lawsuit is not in the ordinary course of business," and that, since there was never a meeting of directors at which this lawsuit was discussed, any action by Acme Pacific must be dismissed. (Defs.' Mem. Supp. Mot. (Doc. No. 121-6) at 24-25.) Likewise, defendants maintain that the Bana companies cannot properly bring this action because "the Bana companies [did not] conduct a duly noticed meeting of the directors to address initiation of a lawsuit." (*Id.* at 30.)

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a sworn declaration, defendants maintain that Acme Pacific and the Bana Companies never held a meeting of the directors to authorize this suit. (Def. Harvey Katzenberg's Decl. Supp. Mot. Partial Summ. J. (Doc. No. 121) at 19.) There is no evidence in the record that any meeting did occur; plaintiffs offer only an unsworn flat denial of defendants' sworn assertion. (Pls.' Resp. Defs.' Rule 56.1 Statement Uncontested Material Facts (Doc. No. 121-11) at 8.) Plaintiffs' flat denial, unsupported by any evidence that an authorization meeting occurred, is insufficient to create a genuine issue of material fact as to that issue. *See* Fed. R. Civ. P. 56(e)(2); *Tycoons Worldwide Grp. (Thai.) Pub. Co. v. JBL Supply, Inc.*, 721 F. Supp. 2d 194, 202 (S.D.N.Y. 2010) ("Mere assertions, unsupported by any affirmative and specific evidence,

3

are insufficient to raise a genuine issue of material fact for trial."). Accordingly, defendants' request for summary judgment dismissing all causes of action asserted by Acme Pacific and the Bana Companies is GRANTED.

## III. PLAINTIFFS' 60(a) MOTION TO AMEND: *IN PARI DELICTO*

A. Waiver

Plaintiffs request that the Court "review its decision under Fed. R. Civ. Pro. 60(a) in light of the defenses extant in the defendants' Answer." (Pls.' Aff. in Opp'n to Mot. at 1.) In its September 24, 2010 Order, the Court declined to grant summary judgment for plaintiffs on their claims of breach of fiduciary duty and fraud because "the possible participation in the fraudulent activity by Acme's current ownership[] implicates the doctrine of *in pari delicto*, giv[ing] rise to triable questions of fact[] and preclud[ing] the grant of summary judgment." (Mem. & Order (Doc. No. 130) at 19.) The Court notes that, as an initial matter, this argument does not fall under the purview of Rule 60(a); nonetheless, the Court finds that it is without merit.

Plaintiffs first contend that defendants waived *in pari delicto* as a defense because defendants did not assert it in their answer to the amended complaint. (Pls.' Aff. Opp'n Mot. at 4.) While it is true that defendants did not raise *in pari delicto* in their answer to the amended complaint (*see* Doc. No. 8), *in pari delicto* is an equitable defense; thus "courts have discretion whether to apply the defense in any particular case." *Buckley v. Deloitte & Touche USA LLP*, No. 06-CV-3291 (SHS), 2007 WL 1491403, at *1 (S.D.N.Y. May 22, 2007). Since this is the summary judgment stage, and there remain unresolved issues of fact, the Court's previous order stands. Summary judgment will not be granted when the issue of plaintiffs' complicity is undetermined. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

B. Relevance

Second, plaintiffs contend that, regardless of waiver, *in pari delicto* is inapplicable because it "does not exist where the parties are not equally at fault or, as here, where the agents' fraud was so egregiously self-interested, so adverse, that it cannot be said either was acting within the scope of their employment." (Pls.' Aff. Opp'n Mot. at 5.) Plaintiffs add that "[s]ubstantively, *in pari delicto* does not apply here because [defendants] admittedly acted for themselves alone and not the Acme companies." (*Id.*) They base this argument on their interpretation of a related state action, *G.K. Alan Assoc., Inc. v. Lazzari*, 867 N.Y.S.2d 374 (Sup. Ct. 2008). Plaintiffs maintain that, in that case, the New York Supreme Court, Nassau County, found that Lazzari and the Acme Companies did not take part in the Katzenberg's insurance fraud and that the Appellate Division affirmed that finding of fact on appeal.[1] *See* 887 N.Y.S.2d 233 (App. Div. 2009); (Pls.' Aff. in Opp'n to Mot. at 1, 6). The New York state courts, plaintiffs contend, found that Lazzari and the Acme Companies were not complicit in the fraud, and thus they contend this Court must give that decision full faith and credit in accordance with 28 U.S.C. § 1738. (*Id.* at 8.) Were this Court to recognize that Lazzarri and the Acme Companies were not at fault in the Katzenbergs' scheme, then *in pari delicto* would be inapplicable. (*Id.*)

Plaintiffs' logic is premised on a fallacy. As the September 24, 2010 Order indicated, contrary to plaintiffs' assertions, the Appellate Division "rejected an earlier trial court exonerating the Acme Companies." (Mem. & Order at 22 n.13.) The Appellate Division upheld the trial court's finding that Lazzari and the Acme Companies did not know that the Katzenbergs were overbilling the Acme Companies, but also found that whether Lazzari and the Acme Companies were complicit in the underlying insurance fraud scheme of "making material

---

[1] The Court notes that these materials were submitted without leave of the Court months after the original 60(a) motions. Nevertheless, the "motion" is without merit as discussed below.

5

misrepresentations to the Corporation's insurers" was an undetermined issue of fact. *G.K. Alan Assoc.*, 887 N.Y.S.2d at 233. "The Appellate Division made clear that the underlying evidentiary record did not establish the Acme Plaintiff's innocence and that the trial court's finding to the contrary was not warranted." (Mem. & Order at 22 n.13.) Thus, plaintiffs' fault is an unresolved issue of fact, and, as discussed *supra*, summary judgment is inappropriate. *Globaltex Grp., Ltd. v. Trends Sportswear, Ltd.*, No. 09-CV-0235, 2010 WL 1633438, at * 4 (E.D.N.Y. Apr. 22, 2010).

The Court will not grant summary judgment based on a perceived apportion of fault, when the parties at fault are not established. *Id.*, 2010 WL 1633438, at * 4 (Weinstein, J.) (denying summary judgment on the basis of *in pari delicto* because there was "a genuine issue of material fact as to the parties' relative levels of fault"). Accordingly, plaintiffs' request that summary judgment be granted in their favor for breach of fiduciary duty and fraud is DENIED.

**IV. MOTION FOR RECONSIDERATION: COLLATERAL ESTOPPEL**

A. State Court Case

Plaintiffs also request that the Court "[a]ddress the findings by the trial Court in" the related state action of *G.K. Alan Assoc., Inc. v. Lazzari*, 867 N.Y.S.2d 374 (Sup. Ct. 2008) with respect to the doctrine of collateral estoppel. Plaintiffs argue that defendants "are collaterally estopped from relitigating these findings of fraud, concealment of their activities to the other shareholders of the Acme Group companies, self-dealing and admitted conversion of Acme assets to themselves." (Pls.' Aff. in Opp'n to Mot. at 8.)

Based on the same flawed premise as that advanced to support their arguments with respect to *in pari delicto*, *see supra*, plaintiffs argue that defendants "are collaterally estopped from relitigating these findings of fraud, concealment of their activities to the other shareholders

of the Acme Group companies, self-dealing and admitted conversion of Acme assets to themselves." (Pls.' Aff. Opp'n Mot. at 8.) Since plaintiffs' potential complicity in the insurance fraud scheme was left as an open issue in the state court litigation, neither party is estopped from bringing them in the present case. *Austin v. Downs*, 114 F. App'x 21, 22 (2d Cir. 2004) ("[C]ollateral estoppel applies when: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated *and decided* in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'") (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)). Accordingly, plaintiffs' request that the Court "address the findings by the trial court" is GRANTED, but summary judgment remains DENIED.

B. District Court Case

Plaintiffs bring to the Court's attention another decision involving some of the same parties as the present suit, *Katzenberg v. Lazzari*, No. 1-04-CV-5100, 2010 WL 680985 (E.D.N.Y. Feb. 24, 2010). (Mot. Alter J. at 1.) While plaintiffs do not make clear their purpose in mentioning *Katzenberg*, it is grouped with a discussion of collateral estoppel. To the extent that plaintiffs believe that *Katzenberg* should be given preclusive effect, the Court will addresses this issue.

*Katzenberg* deals exclusively with Harvey Katzenberg's actions as trustee of the Acme pension plan and as the plan administrator. *See Katzenberg*, 2010 WL 680985, at *6, 10. The present action deals not with Acme's pension plan but, rather, with a separate insurance fraud scheme. (Am. Compl. (Doc. No. 5) at 9-27.) Since this disparate action is certainly not the "identical issue" that must ordinarily be raised in a previous proceeding, there appear to be no

findings from that judgment that have bearing on the current action. *Austin*, 114 F. App'x at 22 (emphasis added) (quoting *Interoceanica Corp.*, 107 F.3d at 91). This claim is thus DENIED.

## V. 60(a) MOTION FOR RECONSIDERATION

Plaintiffs ask the Court to "modify the decision and order on the summary judgment motions pursuant to Fed. R. Civ. Pro. 60(a)" as to fraud, breach of contract, breach of fiduciary duty, breach of the duty of loyalty, conversion, and employee disloyalty. (Mot. Alter J. at 1.) Rule 60(a) allows for corrections based on clerical mistakes, oversights, and omissions, which plaintiffs do not allege. Fed. R. Civ. P. 60(a). Rather, their request could only possibly lie pursuant to Federal Rule of Civil Procedure 60(b), which allows a court to reconsider a judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b). The Court finds this claim to be without merit.

### A. Breach of Contract

In the September 24, 2010 Order, the Court dismissed plaintiffs' breach of contract claim against Pearl Katzenberg. (Mem. & Order at 16-17.) Plaintiffs claim that "the Court dismissed the . . . cause of action for breach of contract . . . on a finding of no formal written contract." (Pls.' Aff. Opp'n Mot. at 12.) Plaintiffs misstate the Court's rationale. As the Order clearly states, plaintiffs failed to offer "evidence of any contractual relationship with Pearl Katzenberg," and "Defendants state unequivocally that, while G.K. Alan did routinely perform brokerage services for the Acme Companies, that relationship was not forged out of any specified negotiation." (Mem. & Order at 17.) The Court's decision did not rest on the absence of a formal written contract but, rather, on the absence of evidence of any contract at all. (*Id.*) Plaintiffs do not outline any "matters or controlling decisions which counsel believes the court has overlooked" and do not bring any new information to light that would warrant reevaluation

8

of the dismissal. *See IPC Info. Sys., LLC. v. Odyssey Grp., Inc.*, 232 F.R.D. 206, 207 (S.D.N.Y. 2005) (denying reconsideration because plaintiff did not demonstrate that the court overlooked any information and did not allege new information). Accordingly, plaintiffs' motion for reconsideration of the dismissal of the breach of contract claim is DENIED.

 B. <u>Fraud, Breach of Fiduciary Duty, Breach of the Duty of Loyalty, Conversion, and Employee Disloyalty</u>

The Court previously declined to grant summary judgment on plaintiffs' claims of fraud, breach of fiduciary duty, breach of duty of loyalty, conversion, and employee disloyalty. Plaintiffs fail to state any new information or any other reason that reconsideration of that decision is justified. *See Ross v. Cooper*, No. 90-CV-304 (PGG), 2008 WL 5062727, at *4 (S.D.N.Y. Nov. 24, 2008) (denying reconsideration under Rule 60(b) because defendant did not allege the requisite extraordinary circumstances or extreme hardship) (citing *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)); *IPC Info. Sys., LLC.*, 232 F.R.D. at 207. Accordingly, plaintiffs' motion for reconsideration of the Court's treatment of these claims is DENIED.

## CONCLUSION

For the reasons stated above, defendants motion to amend this Court's September 24, 2010 Order pursuant to Federal Rule of Civil Procedure 60(a) or Local Civil Rule 6.3, based on an oversight or omission in the order, is GRANTED, and, as previously Ordered by this Court, summary judgment dismissing all causes of action brought by Acme Pacific Repairs, Inc., Bana Parts, Inc. and Bana Commercial Kitchen Parts, Inc. remains GRANTED. (Defs.' Mot. to Modify Order (Doc. No. 132) at 1.) Plaintiffs' motion for reconsideration under Federal Rule of Civil Procedure 60(a), regarding the dismissal of the breach of contract claim and denial of summary judgment on the fraud, breach of fiduciary duty, breach of duty of loyalty, conversion, and employee disloyalty claims is DENIED. (Pls.' Aff. in Opp'n to Mot. (Doc. No. 135) at 2.)

Plaintiffs Rule 60(a) motion requesting that the Court reconsider its discussion of *in pari delicto* is likewise DENIED. (*Id*. at 4-5, 8.) Finally, the Court DENIES plaintiffs' request that the Court alter its judgment based on the preclusive effect of two previous court judgments involving some of the same parties and events as the present action. (Mot. Alter J. (Doc. No. 137) at 1.)

SO ORDERED.

Dated: Brooklyn, New York
      August 31, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge