UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ACME AMERICAN REPAIRS, INC.; ACME
AMERICAN ENVIRONMENTAL CO. INC.;
COMMERCIAL KITCHEN DESIGNS,
INC.; ACME AMERICAN REFRIGERATION
INC.; ACME PACIFIC REPAIRS, INC.; BANA
PARTS, INC.; and BANA COMMERICAL
KITCHEN PARTS, INC.,

                Plaintiffs,

        - against -

HARVEY KATZENBERG and PEARL
KATZENBERG, f/k/a PEARL FEUER,

                Defendants.
------------------------------------------------------------------X

**ORDER**
03-CV-4740 (RRM)(SMG)

**MAUSKOPF, United States District Judge.**

On September 24, 2010, this Court issued a Memorandum and Order in this case granting

partial summary judgment to defendants and dismissing plaintiffs' claims for RICO and RICO

conspiracy, breach of contract, breach of the duty of good faith and fair dealing, and violations of

New York General Business Law ("GBL") § 349. (Doc. No. 130.) A modified Decision and

Order was issued on August 31, 2011, dismissing all claims brought by plaintiffs Acme Pacific

Repairs, Inc.; Bana Parts, Inc.; and Bana Commercial Kitchen Parts, Inc. (Doc. No. 139.) In a

letter dated September 28, 2011 (Doc. No. 142), plaintiffs asked this Court to certify its August

31, 2011 Order for appeal to the Second Circuit Court of Appeals pursuant to Rule 54(b) of the

Federal Rules of Civil Procedure.

> When an action presents more than one claim for relief—whether as a claim,
> counterclaim, crossclaim, or third-party claim—or when multiple parties are
> involved, the court may direct entry of a final judgment as to one or more, but
> fewer than all, claims or parties only if the court expressly determines that there is
> no just reason for delay. Otherwise, any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights and liabilities of

fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Historically it has been against federal policy to allow piecemeal appeals. *Novick v. AXA Network, LLC.*, 642 F.3d 304, 310 (2d Cir. 2011); *see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956). "[O]nly after all claims have been adjudicated" is final judgment generally appropriate. *Novick*, 642 F.3d at 310 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). District courts therefore "sparingly" allow aggrieved parties to take immediate appeals, *id.*, and only if there are "'interests of sound judicial administration' and efficiency to be served." *Harriscom*, 947 F.2d at 629 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, allowing an immediate appeal would promote neither sound judicial administration nor efficiency. The remaining claims arise from the same facts as the claims dismissed in the Order of September 24, 2010. Barring "unusual circumstances," interlocutory appeals of such claims "are the exception, not the norm . . . ." *See Wright v. Goord*, No. 04 CV 6003L, 2006 WL 445934, at *1 (W.D.N.Y. Feb. 24, 2006) (citing *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992)). Further, as noted in that Order, defendants may be entitled to a defense of *in pari delicto* against the remaining claims. If proven at trial, this defense would be relevant to any appeal of the dismissal of the other claims. *See, e.g.*, *In Re Parmalat Sec. Litig.*, 383 F. Supp. 2d 587, 604 (S.D.N.Y. 2006) (applying *in pari delicto* defense to RICO fraud claim); *Globaltex Grp. Ltd. v. Trends Sportswear Ltd.*, 09–CV–0235, 2010 WL 1633438, at *4 (E.D.N.Y. Apr. 21, 2010) (applying *in pari delicto* defense to breach of contract claim); *see also Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000) (noting plaintiff's act must be "misleading in a material way" to

state claim under GBL § 349). Likewise, as the dismissed and surviving plaintiffs have a shared

history of ownership and management, proof of this defense as against the surviving plaintiffs

could be relevant to any appeal by the dismissed plaintiffs.


**CONCLUSION**

Based on the foregoing, plaintiffs' request to certify the August 31, 2011 Order for appeal

under Rule 54(b) is DENIED.

SO ORDERED.


Dated: Brooklyn, New York                          *Roslynn R. Mauskopf*
       August 13, 2012                          _____
                                      ROSLYNN R. MAUSKOPF
                                      United States District Judge