UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ACME AMERICAN REPARIS, INC, ACME
AMERICAN ENVIRONMENTAL CO., INC.,                    **ORDER ADOPTING**
ACMER AMERICAN PREFRIGERATION,                       **REPORT AND**
INC., ACME PACIFIC REPAIRS, INC., BANA               **RECOMMENDATION**
PARTS, INC., and BANA PARTS                          03-CV-4740 (RRM)(SMG)
COMMERCIAL KITCHEN, INC.,

                          Plaintiffs,

           - against -

HARVEY KATZENBERG and PEARL
KATZENBERG,

                          Defendants.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

        Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge

Steven M. Gold (Doc. No. 280), awarding granting attorney's fees in the amount of $277,674.09

on the application of the Law Office of Vincent McNamara, predecessor counsel to plaintiffs,

and denying plaintiffs' application for sanctions against the law firm.  Also before the Court are

plaintiffs' objections to the R&R (Doc. No. 287). [1]  The Court presumes familiarity with this

matter.

---

[1] Also before the undersigned, and not before the magistrate judge, is a motion by the McNamara firm for pre-judgment attachment of the proceeds of the sale of property located at 99 Scott Avenue, Brooklyn, New York in this action, and a related action, *Katzenberg v. Acme American Repairs, Inc.*, 14-CV-5515.  (Doc. Nos. 274 in this action; 23 in the related action.)  The Court denies the motions without prejudice.  The application for attachment relies largely on property records from which the McNamara firm concludes that the sale of 99 Scott Avenue, and other properties, was a "blatant property grab."  Given the protracted history of this case, the sharp disputes among the parties in the underlying cases with regard to the rights of Acme, Madan and Katzenberg, the Court cannot conclude, based on the facts submitted on *this* application, that pre-judgment attachment is warranted.  Moreover, the posture of this case has changed since the filing of the attachment motion, including judgments in related litigation transferring stock ownership in Acme, the sale of the Scott Avenue property to a third party, among other events.  Finally, the motion was filed before the magistrate judge issued this R&R.  To the extent that judgment should enter, the McNamara firm may make such request, and if granted, seek to enforce that judgment through available post-judgment mechanisms.

## Standard of Review

The Court reviews *de novo* the portions of an R&R to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3); *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 638 (E.D.N.Y. 2012). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, No. 07 CV 2319, 2013 WL 5350109, at *1 (E.D.N.Y. Sept. 23, 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). Objections that offer only perfunctory responses, merely reiterate arguments already made and rejected, or state a general disagreement with the outcome are also reviewed for clear error. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07 CV 1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (quoting *Nielsen v. New York City Dep't of Educ.*, No. 04 CV 2182, 2007 WL 1987792, at *3 (E.D.N.Y. July 5, 2007)) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). After reviewing the R&R, the Court may accept, reject, or modify its findings or recommendations, receive further evidence, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(l)(C). For the reasons below, plaintiffs' objections are overruled, and the R&R is adopted in its entirety.

## Discussion

In the first instance, plaintiffs raised these very same issues before the magistrate judge, who soundly rejected plaintiffs' arguments. Plaintiffs cannot get a second bite at the apple. Even reviewing the application *de novo*, this Court finds the fee award proper.

Plaintiffs' central objection focuses on the award of fees for litigation that plaintiffs claim is unrelated to the instant action. In the R&R, Magistrate Judge Gold sets forth an extensive legal and factual analysis of this particular issue (*see* R&R at pp. 8-12) with which this Court concurs, even under *de novo* review. The Third Circuit's approach in *Gulfstream III Associates, Inc., v. Gulfstream Aerospace Corp.*, 995 F.2d 414 (3d Cir. 1993) sets forth a cogent framework for this type of analysis, one that courts in this Circuit have followed. *See Serin v. N. Leasing Sys., Inc.*, 2011 WL 1467560, at \*7 (S.D.N.Y. Apr. 19, 2011); *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 898 F. Supp. 116 (E.D.N.Y. 1995). Judge Gold faithfully applied that standard, and persuasively explained the overlap between the various cases and why work done on one was compensable in this action. As the McNamara firm aptly notes in response to plaintiffs' objections, "[t]his case is not a two-car fender/bender at an intersection. It is a complex commercial fraud resulting in a quadratic chess game of litigation." (Firm. Opp., Doc. No. 289 at 28.) Judge Gold has presided over this action since its inception. He is fully familiar with the nature of this and related litigation. As the R&R notes, he was aware of this issue from the outset of the fee application, raised it with the parties at a status conference, required supplemental briefing on the issue, and painstakingly reviewed the records in support of the application. He did not err legally or factually in fixing the fee award here.

Plaintiffs quarrel with the affidavit of Helen Benzie, an associate at the McNamara firm who plaintiffs claim had no direct knowledge of the work of the other lawyers. This objection is unavailing given records submitted by the firm in support of its application, which Magistrate Judge Gold properly found were both "sufficiently detailed and specific to support an award of attorney's fees." (R&R at 7). Moreover, This Court has examined those records *de novo* and find that they are quite detailed and fully support the award made by the magistrate judge. Moreover,

Judge Gold concluded that "most of the work detailed in the firm's invoices was applicable to this case, even if it may have been useful in or applicable to other related cases as well." (R&R at 11.) And where time could not be broken down between this case and other, the fault was "not due to any deficiency in the firm's records, but is rather a result of the intertwined nature of the multiple cases in which the firm represented the Acme companies." (*Id.* at 11-12.) To account for this, Judge Gold imposed an across-the-board reduction of 25%, wholly appropriate in a fee application where, as is often the case, a precise calculation, particularly in a complex series of cases such as this, is impossible.

Finally, plaintiffs claim that the magistrate judge erred by not holding a hearing on this application. But plaintiffs themselves acknowledge that no such hearing is required, and instead, is left to the sound discretion of the court. (Pl. Objections, Doc. No. 287 at 12.) Here, the magistrate judge had ample material on which to decide this motion, including detailing billing records and other documents submitted in support of the application, fulsome discussion with the parties on the issues raised, and full briefing, including supplemental briefing and submission on the key issue regarding overlapping litigation. Coupled with Judge Gold's full familiarity with the nature of this litigation and its myriad tentacles in this and other courts, this information was more than adequate to decide the application without resort to a hearing.

Conclusion

For the reasons stated herein, the Court overrules the plaintiffs' objections, and adopts the

Report and Recommendation in its entirety.  As such, the Court hereby Orders that the

application by the Law Office to fix its fees be granted in the amount of $277,674.09.  The Court

denies plaintiffs' application for sanctions against the law firm.


SO ORDERED

Dated: Brooklyn, New York        *Roslynn R. Mauskopf*
      September 28, 2015        _____
                             ROSLYNN R. MAUSKOPF
                             United States District Judge